UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| DOROTHY A. BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:20-CV-00142-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| KILOLO KIJAKAZI, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| | | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on cross-motions for Summary Judgment. [R. 15, R. 17]. The Plaintiff, Dorothy A. Bowman, exhausted her administrative remedies and brought this action under 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act. The Court, having reviewed the record and the parties' motions, affirms the Commissioner's decision.

## I.      Procedural and Factual Background

On June 7, 2018, Bowman filed an application for DIB benefits, alleging she became disabled in May 2018. [R. 12-1, pp. 22]. Her application was initially denied and again on reconsideration, after which she requested a hearing before an Administrative Law Judge (ALJ). *Id.* at 22, 100–03, 110–16, 119–24. The ALJ held a telephonic hearing on April 16, 2020, and subsequently issued an unfavorable decision on May 7, 2020, finding Bowman was not disabled since May 29, 2018. *Id.* at 22–34, 136. The Appeals Council denied her request for review, and the ALJ's decision became the final decision of the Commissioner. *Id.* at 6–8. Bowman then filed her Complaint against the Commissioner in this Court. [R.1].

1

## II.     Standard of Review

This Court's review of the Commissioner's decision is limited to determining whether it is supported by "substantial evidence" and made in accordance with proper legal standards. *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted).  "Substantiality must also be based on the record 'as a whole.'" *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing *Allen v. Califano,* 613 F.2d 139 (6th Cir. 1980)). However, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ," the Court must uphold the Commissioner's decision.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  This Court cannot review the case de novo, resolve conflicts of evidence, or decide questions of credibility. *Cutlip*, 25 F.3d at 286; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

To determine disability under the Social Security Act, the ALJ must conduct a five-step analysis. 20 C.F.R. § 404.1520.

1. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.

2. Second, plaintiff must show that she suffers from a "severe impairment" to warrant a finding of disability.

3. Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment

meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.

4. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.

5. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the ALJ makes a dispositive finding at any point in the five-step analysis, the review terminates. *Id.*; 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof during the first four steps; this burden shifts to the Commissioner at step five to prove the availability of other work in the national economy that the claimant is capable of performing. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The claimant always retains the burden of proving lack of residual functional capacity (RFC).[1] *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

### III.    Analysis

The ALJ followed the five-step evaluation process as required by SSA regulations. [R. 12-1, pp. 22–34]. At step one, the ALJ found Bowman had not engaged in substantial gainful activity since May 29, 2018, the alleged onset date. *Id.* at 25. At step two, the ALJ found Bowman had the following severe impairments: right shoulder degenerative joint disease (DJD); lumbar and cervical degenerative disc disease (DDD); obesity; left hand/wrist osteoarthritis and carpal tunnel syndrome (CTS); and osteoarthritis and status-post left thumb arthroplasty. *Id.* At step three, the ALJ determined Bowman did not have an impairment or combination of impairments that met or medically equaled in severity one of the listed impairments. *Id.* at 28. At

---

[1] An individual's residual functional capacity is the most an individual can still do despite his or her impairment-related limitations. 20 C.F.R. § 416.945 (a)(1).

step four, the ALJ determined Bowman's RFC assessment, finding that she could perform "light work"[2] with the following limitations:

> She can no greater than frequently push or pull with the left hand. She can operate hand controls with the left hand frequently. She can frequently reach overhead bilaterally. She can finger and feel items frequently with the left hand. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance frequently, stoop frequently, kneel frequently, crouch occasionally, and crawl occasionally. The claimant can work at unprotected heights frequently, can work around moving mechanical parts frequently, and can operate a motor vehicle frequently. She can work in wetness frequently, in extreme cold frequently, in extreme heat frequently, and in vibration frequently.

*Id.* at 28–29.

Based on this RFC and the testimony of a vocational expert ("VE"), the ALJ determined that Bowman is capable of performing past work as a quality control technician, laboratory technician, auto assembly supervisor, and sewing machine operator. *Id.* at 33. Thus, the ALJ found Bowman was "not disabled." *Id.* at 34.

On appeal, Bowman makes one argument, asserting that: the ALJ failed to include the limitations of the state agency physicians in her RFC, and therefore, the RFC presented to the VE failed to accurately describe Bowman, resulting in the VE's testimony being unsupported by substantial evidence. [R. 15-1, p. 1].

<u>Residual Functional Capacity</u>

RFC is an indication of an individual's work-related abilities despite their limitations. *See* 20 C.F.R. § 416. 945(a). A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner. *See* 20 C.F.R. § 416. 945(e). It is the ALJ's

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [one] must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

responsibility to assess a claimant's RFC based on all the relevant evidence. *See* 20 C.F. R. §
416. 945(a). When determining a claimant's RFC, the ALJ is "required to consider the combined
effect of all the claimant's impairments." *Thompson v. Astrue*, 2011 U.S. Dist. LEXIS 84542, at
\*33 (N.D. Ohio Aug. 2, 2011) (citing *Scott v. Astrue*, 2011 U.S. Dist. LEXIS 17023, at \*17
(N.D. Ohio Feb. 22, 2011)); *see also* 20 C.F. R. § 416. 945(a)(2). However, when posing
hypothetical questions to a VE, the ALJ is only required to incorporate those limitations accepted
as credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)
(citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987)).

    First, Bowman argues that the RFC finding was not supported by substantial evidence
because the ALJ failed to include in her RFC the limitations Drs. Saranga, Reed, and Beard[3]
found regarding Bowman's use of her hands. [R. 15-1, p. 3]. The Court disagrees. Specifically,
Drs. Saranga and Reed[4] concluded that Bowman had limitation in her upper left extremity
regarding pushing/pulling, handling (gross manipulation), and fingering (fine manipulation). [R.
12-1, pp. 75–80, 91–98].  However, with the latter two abilities, both doctors found that Bowman
could perform those functions frequently.[5] *Id.* Dr. Beard's[6] medical statement claimed, "the
findings appear supportive of limitations in terms of prolonged or repetitious use of the hands as
well as repetitive gripping and grasping and handling of objects." *Id.* at 403–04. Dr. Beard's
opinion, however, failed to define "limitations" or provide any degree of restriction. *Id.* at 33,
398–404. Nonetheless, the ALJ found Dr. Beard's opinion to be "broadly supported by the
objective imagining and the examination findings, and … the evidence as a whole." *Id.* at 33.

---

[3] The ALJ found all three opinions "persuasive." [R. 12-1, pp. 32–33].
[4] State agency non-examiners
[5] "'Frequent' means occurring from one-third to two-thirds of the time … [Many unskilled jobs] require use of arms
and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine
activities to the extent required in much sedentary work." SSR 83-10, 1983 SSR LEXIS 30.
[6] State agency examiner

Thus, as evidenced by the statement above and his extensive opinion, the ALJ formulated Bowman's RFC based on all the evidence in the record, including the opinions of Drs. Saranga, Reed, and Beard. *Id.* at 30, 32–33. Hence, the determined RFC does, in fact, include limitations as to Bowman's use of her left hand. Specifically, she can only "frequently push or pull," "operate hand controls…frequently," and "finger and feel items frequently." *Id.* at 28. These limitations align with Drs. Saranga and Reed's opinion, and it can be safely assumed it satisfies the "vague" opinion of Dr. Beard. *Id.* at 33. While the assigned limitation may not be as restrictive as Bowman desires, the ALJ's conclusion that additional limitations are not required[7] is supported by substantial evidence:

- Despite his more restrictive conclusion, Dr. Beard's report found that Bowman's "left grip strength and left wrist was graded 4/5." [R. 12-1, p. 403].

- Bowman was found to have normal range of motion of the left hand and wrist–even with tenderness and decreased grip strength–throughout her medical examinations. *Id.* at 31–32, 71, 344–45, 348–49, 351, 496–97, 577–78.

- In May 2018, Bowman underwent a successful surgery (i.e., left carpal tunnel release and left CMC arthroplasty) that improved Bowman's hand until she reinjured it almost five months post-operation when she fell against a sink. *Id.* at 414, 511. However, the new injury did not change any "hardware" installed during the surgery. *Id.* at 424.

- Bowman's pain has, on average, been a 2 or 3 out of 10. *Id.* at 491, 576.

- Imaging showed only mild findings without evidence of neuropathy or radiculopathy. *Id.* at 32, 348, 351, 403, 478, 480–81, 484, 505, 584.

- Bowman was deemed "fit for work–with restrictions" in both May 2019 and August 2019. *Id.* at 493, 497.

This evidence is more than sufficient to support the ALJ's limitations as described to the VE. *See generally Hardaway*, 823 F.2d at 927–28 (where the court concluded that the ALJ's hypothetical

---

[7] [R. 12-1, p. 32]

questions regarding sedentary work were supported by the record since "one doctor did state that [claimant] could perform sedentary work.").

Second, Bowman argues the RFC should have included limitations for her right/dominant hand since Dr. Beard's restriction mentioned "hands." *Id.* at 403–04; [R. 15-1, p. 5]. In support of her position, Bowman cites to *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010). In *Ealy*, the ALJ concluded that the claimant had moderate difficulties with regard to concentration, persistence, and pace. 594 F.3d at 516. However, these limitations were found not to have been fully conveyed to the VE. *Id.* Consequently, the court found the VE's testimony, which concluded that Ealy could work as an assembler, inspector, packer, or production worker, was not supported by substantial evidence. *Id.* at 517.

*Ealy*, however, is distinguishable from the present case. The ALJ found Bowman's right-hand impairment to be "non-severe" because no evidence in the record suggested that the impairment imposed "more than minimal work-related restrictions." [R. 12-1, p. 25]. Having reviewed the record, the Court finds that the ALJ's conclusion to be supported by substantial evidence. As noted by the ALJ, there is no documentation that supports a limitation associated with Bowman's right hand since the alleged onset date. *Id.* Dr. Beard's evaluation stated Bowman's right hand has 5/5 strength and normal range of motion. *Id.* at 401, 403. In addition, there is no evidence in the record to support a claim that Bowman has received treatment for her right hand, or even reported pain despite a history of right CTS status-post carpal tunnel release. *Id.* at 25. The full focus of the medical record is on Bowman's left hand, not her right. *Id.* at 25, 344–53, 414–37, 468–88, 491–515, 576–82. Thus, it was reasonable for the ALJ to not incorporate limitations for Bowman's right hand, as such limitations cannot be deemed credible by the record. *See Casey*, 987 F.2d at 1235.

7

Because the Court has determined the ALJ's RFC properly included the limitations of the state agency physicians and was supported by substantial evidence, the VE's conclusion that Bowman can perform past jobs is appropriate–particularly since the relevant past work aligns with the RFC's assigned limitations. *See* 806.137-022 Quality Assurance Supervisor, DICOT 806.137-022; 019.261-030 Laboratory Technician, DICOT 019.261-030; 806.134-010 Supervisor, Motor Vehicle Assembly, DICOT 806.134-010; 787.682-046 Sewing-machine Operator, DICOT 787.682-046.

Accordingly, for the reasons stated above,

**IT IS ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment **[R. 15]** is **DENIED**.

2. The Commissioner's Motion for Summary Judgment **[R. 17]** is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

4. A judgment will be entered contemporaneously with this Order.

This the 8th day of October, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

8